# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**ROGER W. TITUS**  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE  
GREENBELT, MARYLAND  20770  
301-344-0052

## M E M O R A N D U M

TO:  Counsel of Record

FROM:  Judge Roger W. Titus

RE:  Notice of Telephone Status Conference  
*William E. Jones, Jr. v. United States of America*  
Civil Action No. RWT 15-1490

DATE:  November 24, 2015

\* \* \* \* \* \* \* \*

I have today issued the Court's standard form of Scheduling Order, and am scheduling a brief telephone status conference with counsel on ***December 7, 2015 at 4:30 p.m.  Counsel for the Plaintiff shall be responsible for initiating the call.***

There are several reasons for scheduling a telephone status conference in connection with the issuance of the Scheduling Order.  First, I want to be certain that counsel consider quite carefully the availability of early mediation services by a Magistrate Judge of this Court, and the desirability of consent to all further proceedings by a Magistrate Judge.  These are options that should be carefully considered, and I urge all parties to do so.

Second, the issuance of the Scheduling Order authorizes the initiation of discovery, and I want to be certain that all counsel are aware of the obligations imposed upon them as part of the discovery process.  I urge all counsel to review carefully before the status conference the decision of then Chief Magistrate Judge (now United States District Judge) Paul Grimm in the case of *Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354 (D. Md. 2008).  The following is a link to the decision for your convenience:

http://www.mdd.uscourts.gov/Opinions/Opinions/Mancia%20v.%20Mayflower_Opinion_10.15.08.pdf

If counsel read this decision and apply the rules in accordance with that decision, it is quite likely that the level of discovery disputes, if any, will be reduced appreciably.

Third, I believe that the parties should confer with each other and be prepared to discuss with me during the telephone status conference their views on the nature and extent of discovery that may be required in this case, with a view towards minimizing wasteful and unnecessary discovery.

Fourth, any concerns regarding the dates set forth in the Scheduling Order should be raised by counsel in the telephone status conference.

Despite the informal nature of this memorandum, it shall constitute an Order of Court and be docketed accordingly.

/s/
Roger W. Titus
United States District Judge